# IN THE COURT OF APPEALS OF IOWA

No. 22-0283
Filed April 27, 2022

**IN THE INTEREST OF S.V.,**
**Minor Child,**

**T.S., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Brendan Greiner,

District Associate Judge.


        A mother appeals the termination of her parental rights.  **AFFIRMED.**


        Yvonne C. Naanep, Des Moines, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Magdalena Reese of the Juvenile Public Defender Office, Des Moines,

attorney and guardian ad litem for minor child.


        Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, S.V.[1] She challenges the statutory grounds and contends the juvenile court should have applied a permissive exception to termination to instead establish a guardianship. We affirm.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We consider: (1) whether grounds for termination have been established, (2) whether termination is in the child's best interest, and (3) whether we should exercise any of the permissive exceptions to termination. *Id.* at 472–73. Then we address any additional claims raised by the parents. *In re K.M.*, No. 19-1637, 2020 WL 110408, at *1 (Iowa Ct. App. Jan. 9, 2020).

We first address the mother's challenge to the statutory grounds for termination. Here, the juvenile court terminated the mother's rights to S.V. pursuant to Iowa Code section 232.116(1)(h) (2021). It authorizes termination when:

> (1) The child is three years of age or younger.

---

[1] The father's parental rights were also terminated. He does not appeal.

> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116 (1)(h). We find these elements satisfied. S.V. was fourteen months old at the time of termination. He had been adjudicated as a child in need of assistance. He was removed from the mother's care when he was just one month old. And he could not be safely returned to the mother's care at the time of the termination hearing. See *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020). This is primarily because of the mother's methamphetamine use. *See In re A.D.*, No. 21-1562, 2022 WL 246227, at *1 (Iowa Ct. App. Jan. 27, 2022) (recognizing "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children" (alteration in original) (citation omitted)). She has a long history with the drug. And it is not over yet: she tested positive as recently as November 2021—right before the December termination hearing. So a statutory ground authorizing termination is satisfied.[2]

Because we conclude a statutory ground for termination is satisfied, we move on to our next step. Typically, we consider the child's best interest in our

---

[2] The mother makes a generalized claim that reunification failed because the Iowa Department of Human Services failed to make reasonable efforts. We recognize "[t]he State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). However, the mother does not identify what services she believes she should have received or how they would have fostered reunification. So we cannot provide her with any relief. *See In re T.H.*, No. 21-1444, 2022 WL 1085471, at *4 (Iowa Ct. App. Jan. 12, 2022).

second step. But the mother only makes a passing reference to this issue. So her claim is not sufficiently developed for our review. *See In re K.M.*, No. 19-1637, 2020 WL 110408, at *3 n.6 (Iowa Ct. App. Jan. 9, 2020).

Next, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent. *See A.S.,* 906 N.W.2d at 476.

The mother highlights that S.V. is in the maternal grandmother's care, presumably invoking section 232.116(3)(a), which permits the court to forgo termination when "[a] relative has legal custody of the child." She also references her bond with S.V., presumably invoking section 232.116(1)(c), which permits the court to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The mother argues these permissible exceptions should be applied to forgo termination and instead establish a guardianship. We disagree. "[A] guardianship is not a legally preferable alternative to termination." *Id.* at 477 (citation omitted). And this family is not a good fit for a guardianship. So we reject the mother's proposal to apply permissive exceptions under section 232.116(3) and establish a guardianship.

**AFFIRMED.**